UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA M. BROWN,
on behalf of M.S.M., a minor,

        Plaintiff,

                                    CASE NO. 1:10-CV-252

v.

                                      HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this

matter (docket # 15), and Plaintiff's Objections to the Magistrate Judge's Report and

Recommendation (docket # 16).[1]  Under the Federal Rules of Civil Procedure, where, as here, a party

has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to

reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it

justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381

(2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo
> determination upon the record, or after additional evidence, of any
> portion of the magistrate judge's disposition to which specific written
> objection has been made in accordance with this rule.  The district
> judge may accept, reject, or modify the recommended decision,

---

[1]Although Christina M. Brown is the nominal plaintiff, the term "plaintiff" in this Order, as
in the Report and Recommendation, refers to Ms. Brown's minor daughter, M.S.M., who is the real
party in interest.

receive further evidence, or recommit the matter to the magistrate
judge with instructions.

FED R. CIV. P. 72(b).   De novo review in these circumstances requires at least a review of the

evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge;

Plaintiff's Motion to Remand (docket # 12) and related briefing (docket ## 13, 14); the Report and

Recommendation itself (docket # 15); and Plaintiff's objections (docket # 16).  The Magistrate

Judge found that substantial evidence supported the ALJ's determination that Plaintiff did not have

an impairment or combination of impairments that meets, medically equals or functionally equals

any of the listed impairments in 20 C.F.R. 404, Supt. P., App. 1.  (Report and Recommendation,

docket # 15, at 4.)  The Magistrate Judge also found that Plaintiff was not entitled to a Sentence 6

remand for the purpose of reviewing new evidence with respect to whether Plaintiff has limitations

in the domain of acquiring and using information.  (*Id.* at 13.)  Accordingly, the Magistrate Judge

recommended that the Commissioner's decision to deny benefits be affirmed.  (*Id.* at 15.)  After its

review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is

factually sound and legally correct.

Plaintiff raises two objections to the Report and Recommendation.  First, Plaintiff asserts

that the ALJ's determination that any limitation Plaintiff has in the domain of interacting and

relating with others is "less than marked" lacks substantial supporting evidence. (Obj., docket # 16,

at 1.)  Plaintiff argues particularly that in finding that substantial evidence supported the ALJ's

determination, the Magistrate Judge improperly relied on evidence beyond that which the ALJ cited

in his Decision.  (*Id.*)  Plaintiff posits that the evidence the ALJ cites to support his determination, standing alone, is not substantial.  (*Id.*)

"Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  The fact that the record contains evidence supporting a different conclusion does not undermine the Commissioner's decision as long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988).  Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if substantial evidence supports it.  *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 147 (6th Cir. 1990).

In the Court's view, the evidence upon which the ALJ explicitly relied is in and of itself substantial.  In support of his determination regarding the domain of interacting and relating with others, the ALJ weighed the evidence before him, stating:

> Although the claimant sometimes has problems getting along with others she does have friends.  In January 2009 it was noted in the Student Study Team meeting that the claimant asked for help when needed.  (Exhibit 10E).  In December 2006 the claimant's Head Start teacher averred the claimant had no problems in interacting and relating with others.  (Exhibit 3E).

(A.R. 16.)

The ALJ thus recognized evidence in the record suggesting that Plaintiff has limitations in the domain of interacting and relating with others, but concluded that other evidence outweighs it. Plaintiff's Head Start teacher, who had regular contact with Plaintiff over the course of five months before completing the report the ALJ cites, described Plaintiff as "a very pleasant child . . . eager

to learn . . . [who] plays with others." (A.R. 101).  As the ALJ pointed out, the Head Start teacher

observed no problems in the domain of interacting and relating with others and stated that Plaintiff's

functioning appeared age-appropriate.  (*Id.* at 98.)  The ALJ also noted the Student Study Team

report that Plaintiff asks for help when she needs it, another indication of the ability to interact and

relate with others without difficulty.  (*Id.* at 16.)    All of this amounts to substantial evidence –

relevant evidence a reasonable mind might accept to support a conclusion that Plaintiff did not have

a marked limitation in the domain of interacting and relating with others.  *See Cutlip*, 25 F.3d at

286.  Plaintiff's objection to the Report and Recommendation's conclusion that the ALJ based his

determination on less than substantial evidence fails.

Plaintiff's second objection centers on whether two additional exhibits Plaintiff presented

after the ALJ Decision issued amount to new and material evidence justifying a Sentence 6 remand.

(Obj., docket # 16, at 2.)  The exhibits comprise a Sylvan Learning Center report dated May 12,

2009, six days earlier than the ALJ Decision, which issued on May 18, 2009, and a School

Individualized Education Plan ("IEP") of February 9, 2010.  Under Sentence 6, "[t]he court . . . may

at any time order the additional evidence to be taken before the Commissioner of Social Security,

but only upon a showing that there is new evidence which is material and that there is good cause

for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  42 U.S.C.

§ 405(g).  In a Sentence 6 remand, the Court "remands because new evidence has come to light that

was not available to the claimant at the time of the administrative proceeding and that evidence

might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98

(1991).

The Magistrate Judge found that the Sylvan Learning Center report does not constitute new evidence that warrants a remand under Sentence 6, because the report existed before the ALJ entered his decision, and because there is no indication that Plaintiff requested the ALJ keep the record open to include the evaluation. (Report and Recommendation, docket # 15, at 13 – 14.) Plaintiff objects that the Sylvan report, though dated May 12, 2009, was not available to her before the May 18, 2009 ALJ Decision. (Obj., docket # 16, at 2.) Plaintiff asserts that it would be unreasonable to expect that she "could wait for the issuance of the report summarizing the evaluation, physically obtain a copy of said evaluation, and submit it through the proper channels of the Social Security Administration in less than six days." (*Id.* at 3.) She adds that she did attempt to keep the record open to include a Sylvan evaluation. (*Id.* at 3.) In support of this objection, Plaintiff points first to the ALJ's acknowledgment that Plaintiff's mother testified that she would like to obtain tutoring for Plaintiff at Sylvan. (*Id.*, citing A.R. 13.) This, standing alone, does not reflect that Plaintiff planned to have a Sylvan evaluation, let alone a request to supplement the record with results of such an evaluation. Plaintiff also claims that her counsel in his pre-hearing memorandum to the ALJ requested that the record be kept open for submission of additional evidence. (*Id.*, citing A.R. 121.) In its entirety, that request states: "[a]s counsel was retained on March 30, 2009, it is respectfully requested that the record on this matter remain open at least 30 days for supplementation." (A.R. 121.) Nothing about the request suggests that a Sylvan evaluation might be forthcoming. Finally, Plaintiff emphasizes that at the hearing before the ALJ, her counsel requested additional time to supplement the record, and the ALJ limited the time for supplementation to 20 days from the April 2, 2009 hearing. (Obj., docket # 16, at 3, citing A.R. 47.) In making this request, Plaintiff's counsel specifically asked to supplement the record with

records from Plaintiff's new school and an updated report from Plaintiff's psychiatrist. (A.R. 46

– 47.) Plaintiff's counsel did not mention the possibility of a Sylvan evaluation. (*Id.*) Plaintiff's

counsel did request an additional 30 days from the date of the hearing to supplement the record.

(*Id.*) The ALJ allowed 20 days instead of the requested 30, but also advised counsel to call the

ALJ's office if he encountered any problem with that deadline. (*Id.*) The record simply does not

support Plaintiff's claim that she sought to keep the record open to include the Sylvan report. Nor

does the record offer any indication as to why Plaintiff failed to do so. Plaintiff has not shown

"good cause for the failure to incorporate [the Sylvan report] into the record in [the] prior

proceeding." 42 U.S.C. § 405(g). The Magistrate Judge properly concluded that she is not entitled

to a Sentence 6 remand to consider the Sylvan report.

Plaintiff also objects to the Magistrate Judge's determination that although the February 9,

2010 IEP is new evidence for purposes of a Sentence 6 remand, a remand is not warranted because

the document is not material. The Report and Recommendation acknowledges that the "plaintiff's

enrollment in special education classes as reflected in the IEP could have affected the finding with

respect to [the domain of acquiring and using information]." (Report and Recommendation, docket

# 15, at 14.) However, the Report and Recommendation goes on to explain that the IEP is not

chronologically material, "because it was completed several months after the ALJ's decision, and

reflected plaintiff's condition as it existed during the following school year." (*Id.*) Plaintiff's

objection avers simply that because the IEP could have affected the ALJ's findings, it is material.

(Obj., docket # 16, at 3 – 4.) Plaintiff ignores altogether the more fundamental issue, that the IEP

reflects Plaintiff's condition not at the time of the onset of the alleged disability and the ALJ

Decision, but at a later point in her development. "Evidence of a subsequent deterioration or change

in condition after the administrative hearing is deemed immaterial." *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 685 (6th Cir. 1992).  The Magistrate Judge properly concluded that a Sentence 6 remand for consideration of the IEP, which  post-dates the ALJ Decision by approximately nine months, is not warranted.  Plaintiff remains free to file a new claim for disability benefits if her condition has indeed deteriorated.

The Court concludes that the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 15) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED:**

1.	Plaintiff's Motion for Remand (docket # 12) is **DENIED**

2.	The Commissioner's decision is **AFFIRMED**.

Dated:	August 24, 2011	/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE